IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEMESHA C. DELANEY                                                                                PLAINTIFF
*On behalf of*
J.Z.D., A MINOR

vs.                                         Civil No. 2:11-cv-02104

MICHAEL J. ASTRUE                                                                                DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Demesha C. Delaney ("Plaintiff") brings this action on behalf of J.Z.D., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying J.Z.D.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 12.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed an SSI application on behalf of J.Z.D. on October 24, 2008. (Tr. 16, 91-93). Plaintiff alleged J.Z.D. was disabled due to epilepsy. (Tr. 110). Plaintiff alleged J.Z.D.'s onset date was December 14, 2006. (Tr. 91, 110). This application was denied initially and again upon reconsideration. (Tr. 51-52). Thereafter, Plaintiff requested an administrative hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

on J.Z.D.'s application, and this hearing request was granted. (Tr. 66-90). An administrative hearing was held on January 12, 2010 in Fort Smith, Arkansas. (Tr. 37-50). Plaintiff was present and was represented by Keith Blythe at this hearing. *Id.* Only Plaintiff testified at the hearing. *Id.*

On March 26, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of J.Z.D. (Tr. 16-29). In this decision, the ALJ determined J.Z.D. was a preschooler on the date the application was filed and was a preschooler on the date of his decision. (Tr. 19, Finding 1). The ALJ determined J.Z.D. was a child and had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision. (Tr. 19, Finding 2). The ALJ determined J.Z.D. had the following severe impairments: epilepsy and mild development delay. (Tr. 19, Finding 3). The ALJ also determined, however, that none of J.Z.D.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 19, Finding 4).

In assessing whether J.Z.D.'s impairments were functionally equivalent to a Listing, the ALJ assessed six domains of functioning. (Tr. 19-29, Finding 5). Specifically, the ALJ determined J.Z.D. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) less than marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined J.Z.D. had not been under a disability, as defined by the Act, at any time through the date of his decision. (Tr. 29, Finding 6).

Thereafter, on April 21, 2010, Plaintiff requested the Appeals Council's review of the ALJ's

unfavorable decision. (Tr. 8-9). *See* 20 C.F.R. § 404.968. On April 19, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 8-9). On June 2, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 1, 2011. ECF No. 12. Both Parties have filed appeal briefs. ECF Nos. 16-17. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d

3

1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2011, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally

equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)*.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

3. **Discussion:**

In her appeal brief, Plaintiff raises one argument for reversal: the ALJ erred by finding J.Z.D. did not have at least a marked limitation in the domains of health and physical well-being, attending and completing tasks, and interacting and relating with others. ECF No. 16 at 10-20. In response, Defendant claims the ALJ properly determined J.Z.D. did not have a marked limitation in any of these domains of functioning and did not have an impairment functionally equivalent in severity to a listed impairment. ECF No. 17. To fully evaluate J.Z.D.'s alleged disability, three of the domains of functioning raised in Plaintiff's briefing should be addressed: (A) health and physical well-being;

(B) attending and completing tasks; and (C) interacting and relating with others.

### A. Health and Physical Well-Being

In this domain of functioning, the SSA considers the cumulative physical effects of the claimant's physical or mental impairments and their associated treatments or therapies on that claimant's functioning. *See* 20 C.F.R. § 416.926a(l). After reviewing the medical evidence, the ALJ determined J.Z.D. has less than a marked limitation in this domain. (Tr. 28). In response, Plaintiff claims J.Z.D. has a marked limitation in this domain of functioning due to his seizures. ECF No. 16 at 17-18. In her briefing, however, Plaintiff also recognizes there is "no documentation of the seizure disorder [for J.Z.D.] on an EEG or MRI." *Id.*

Upon review of the transcript, this Court finds the ALJ did not err by finding J.Z.D. has a less than marked limitation in this domain of functioning. Although Plaintiff's teacher noted J.Z.D. had epilepsy and stated he had "spells," the actual incident reports from the school did not mention epileptic seizures, and the only incidents for J.Z.D. are related to misbehavior. (Tr. 28, 167, 366-377, 324-636). More importantly, J.Z.D.'s teacher reported J.Z.D. did not frequently miss school due to illness. (Tr. 167). Further, in claiming J.Z.D. has a marked limitation in this domain due to his seizures, Plaintiff has not demonstrated J.Z.D. suffers from dizziness, generalized weakness, shortness of breath, reduced stamina, fatigue, psychomotor retardation, allergic reactions, recurrent infection, poor growth, bladder or bowel incontinence, or local or generalized pain. *See* 20 C.F.R. § 416.926a(l)(1). In addition, Plaintiff has not shown any side effects from J.Z.D.'s medications.

Indeed, simply because J.Z.D. has a seizure disorder does not warrant a finding that he has a marked limitation in this domain. *See Dunlap v. Harris,* 649 F.2d 637, 638-39 (8th Cir. 1981) (holding that the mere existence of a diagnosed impairment is not *per se* disabiling under the

meaning of the Act). Accordingly, this Court finds the ALJ's decision that J.Z.D. has less than a marked limitation in this domain of functioning is supported by substantial evidence in the record.

### B.     Attending and Completing Tasks

In this domain of functioning, the SSA considers how well the claimant is able to focus and maintain attention and how well the claimant begins, carries through, and finishes activities, including the pace at which the claimant performs activities and the ease with which the activities are changed. *See* 20 C.F.R. § 416.926a(h). In this case, the ALJ determined J.Z.D. has less than a marked limitation in this domain. (Tr. 25). Specifically, the ALJ stated "there was no indication that the child had speech problems, no difficulty understanding and learning, apparently no problems in ambulation, the child's impairment did not affect his behavior with other people and he was somewhat cooperative in caring for his personal needs." *Id.*

In her briefing, Plaintiff references a developmental assessment from Bost Human Development dated November 10-11, 2008 in support of her claim J.Z.D. has a marked limitation in this domain of functioning. (Tr. 308-309; 340-342). In this evaluation, J.Z.D. was found to be nearly three and was found to have several limitations. *Id.* However, as even Plaintiff recognized, "[a]s time progressed, the child [J.Z.D.] did improve with expressive language delays." *Id.* (Tr. 182-184).

Upon review, this Court finds the ALJ's determination on this domain of functioning is supported by substantial evidence in the record. Notably, in finding J.Z.D. has less than a marked limitation in this domain of functioning, the ALJ relied upon the questionnaire completed by J.Z.D.'s teacher. (Tr. 25). In this questionnaire, J.Z.D.'s teacher found Plaintiff only had slight problems in the following areas: paying attention when spoken to directly; sustaining attention during play or

7

sports activities; focusing long enough to finish assigned activity or task; carrying out multi-step instructions; waiting to take turns; changing from one activity to another without being disruptive; organizing his own things or school materials; completing class or homework assignments; and working at a reasonable pace and finishing on time. *Id.* The ALJ properly pointed out J.Z.D.'s treating physician, Dr. Stephanie Frisbie, M.D., did not find J.Z.D. had any marked limitations in this domain. (Tr. 25, 418). Finally, the ALJ correctly referred to the Function Report for a Child Age 1 to 3 dated November 3, 2008. (Tr. 25). In this report, there was no indication J.Z.D. had any difficulty understanding and learning. (Tr. 25, 100-108).

In her briefing, Plaintiff argues the records from Western Arkansas Counseling and Guidance Center dated December 2011 support her argument that J.Z.D. has a "marked" limitation in this domain. ECF No. 16 at 19. However, although the psychologist assigned J.Z.D. a Global Assessment Functioning ("GAF") score of 50 during this appointment (which indicates some limitation), this score was inconsistent with this psychologist's finding that J.Z.D. was functioning at an the average level of intelligence. (Tr. 639). Further, standing alone and in light of the remainder of the record, this one-time GAF score does not demonstrate J.Z.D. has a marked limitation in this domain of functioning. *See Juszczyk v. Astrue,* 542 F.3d 626, 632 (8th Cir. 2008) (affirming the ALJ's decision to discount a one-time GAF score because it was inconsistent with the remainder of the record). Based upon this information, this Court finds the ALJ's decision that J.Z.D. has a less than marked limitation in this domain of functioning is supported by substantial evidence in the record.

      **C.**    **Interacting and Relating with Others**

In this domain of functioning, the SSA considers how well the claimant initiates and sustains emotional connections with others, develops and uses the language of the claimant's community,

cooperates with others, complies with the rules, responds to criticism, and respects and takes care of the possessions of others. *See* 20 C.F.R. § 416.926a(i). The ALJ found J.Z.D. had less than marked limitation in interacting and relating with others. (Tr. 26). In response, Plaintiff argues J.Z.D. had a marked limitation in this domain. ECF No. 16 at 10-19. In support of this claim, Plaintiff references several instances where J.Z.D. had been "written up" for bad behavior. *Id.* For example, on January 7, 2009, there was a "Special Incident/Injury Report" because "J.Z.D. was playing outside and scratched his forehead." (Tr. 376). On February 27, 2009, there was a "Special Incident/Injury Report" because "J.Z.D. pulled another child's hair while on the slide." (Tr. 374).

However, contrary to Plaintiff's argument indicating the ALJ did not recognized these incidents, the ALJ noted Plaintiff was a four-year-old with some behavioral issues at preschool. (Tr. 26). Even with his behavioral issues, the ALJ also found J.Z.D. only had a slight problem in making and keeping friends, seeking attention appropriately, expressing anger appropriately, asking permission appropriately, using language appropriate to the situation, and listening and relating to experiences and telling stories. *Id.* These findings were consistent with the reports from J.Z.D.'s teacher. (Tr. 164). Moreover, J.Z.D.'s teacher reported she was able to curb J.Z.D.'s behavior with an age-appropriate time-out. *Id.* In this domain, the SSA considers "how well a child is able to form intimate relationships with family members and with friends who are their age, and sustaining them over time." *See* 20 C.F.R. § 416.926a(i). Based upon this review, this Court finds substantial evidence supports the ALJ's conclusion J.Z.D. had a less than marked limitation in this domain. (Tr. 26).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of J.Z.D. is supported by substantial evidence and should be affirmed. A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of May 2012.**

                                                  /s/   Barry A. Bryant  
                                                HON. BARRY A. BRYANT  
                                                U.S. MAGISTRATE JUDGE